United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,                Case No. 23-cr-20434

v.

                                  Hon. Laurie J. Michelson

Andrew Nickels,

        Defendant.

_____/

## STIPULATION AND PROPOSED ORDER TO CONTINUE THE TRIAL AND FIND EXCLUDABLE DELAY

Through their respective counsel, the Government and defendant Andrew Nickels stipulate and agree to adjourn the plea cutoff, final pretrial conference and trial date in this case  Specifically, the parties stipulate to adjourn these dates as follows:

| | |
|---|---|
| Plea Cutoff | February 20, 2024 |
| Final Pretrial Conference | February 20, 2024 at 11:00 a.m. |
| Trial Date | From February 20, 2024 at 8:30 a.m. to March 7, 2024, at 8:30 a.m. |

The parties further stipulate and jointly move for the Court to find that the time period between February 20, 2024 and March 7, 2024

qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The parties agree that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- Defendant Nickels and counsel for the Government have been engaging in plea negotiations, in that the Government tendered a plea agreement to defendant's counsel in order to try to resolve this case prior to trial. The parties need additional time to continue these negotiations.
- Counsel for defendant Nickels indicates that because the defendant lives in Indiana and also started a new job, it has taken longer to meet and communicate with the defendant.
- This extra time will allow the parties to attempt to resolve this matter short of trial and, in the event that a pretrial resolution of the case cannot be reached, it will provide the parties sufficient time to prepare for trial.
- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the

government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial, and is necessary for the parties to adequately and effectively prepare pretrial motions, assess pretrial resolution options, and prepare for trial.

*(signatures of following page)*

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/ Frances Lee Carlson*
Frances Lee Carlson
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9696
frances.carlson@usdoj.gov

*s/Steven Scharg (with consent)*
Steven Scharg
Attorney for Andrew Nickels
615 Griswold, Suite 1120
Detroit, Michigan 48226
Phone: (313) 300-0214
Scharg1924@gmail.com

*s/Tanya Senanayake*
Tanya Senanayake
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 514-0849
tanya.senanayake3@usdoj.gov

Dated: February 1, 2024

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

v.

Andrew Nickels,

        Defendant.
_____/

Case No. 23-cr-20434

Hon. Laurie J. Michelson

**ORDER GRANTING CONTINUANCE
AND FINDING EXCLUDABLE DELAY**

The Court has considered the parties' stipulation and joint motion to continue and for a finding that the time period from February 20, 2024, and March 7, 2024, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv). For the reasons described in the parties' submission, which the Court adopts as its findings, and after considering the factors listed in §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv), the Court further finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy

trial and that this time period qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- Failure to grant the continuance would deny counsel for the defendant or the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
- The parties have been actively discussing a pretrial resolution of case in that the government has tendered a plea agreement to defense counsel.
- It has taken defense counsel longer to communicate and meet with the defendant because the defendant lives out of state and also because the defendant recently started a new job.

**IT IS THEREFORE ORDERED** that the dates and deadlines set forth in the Stipulation and Order to Continue (ECF No. 14, PageID.39) shall be extended as follows:

| Plea Cutoff | February 20, 2024 |
|---|---|
| Final Pretrial Conference | February 20, 2024 at 11:00 a.m. |
| Trial Date | March 7, 2024, at 8:30 a.m. |

**IT IS FURTHER ORDERED** that the time from February 20, 2024, and March 7, 2024, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO ORDERED.**

Dated: February 1, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
